UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NAOMI J. BOWDEN,

                              Plaintiff,                      CASE #1:18-CV-0082

v.                                                                    MEMORANDUM
                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

## **INTRODUCTION**

Pending before the Court is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 12. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled," and therefore not entitled to Supplement Security Income ("SSI"). (*See* Administrative Transcript (DE 10) at 7-28).[1] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the consent of the parties. *See* DE 9, 15.

Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative record (DE 12) is **DENIED**, the Commissioner's motion for judgment on the pleadings is **GRANTED**, and the ALJ's decision is affirmed.

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner of each page.

**I.     FACTS AND PROCEDURAL HISTORY**

On July 8, 2014, Plaintiff applied for a period of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 326). Generally, Plaintiff's alleged disability consists of chronic neck and back pain, migraines and high blood pressure. (Tr. 349). Her alleged disability onset date was November 30, 2011 but she amended it at the hearing to September 12, 2012. (Tr. 10). Plaintiff's application was initially denied, after which she timely requested a hearing before an ALJ. On December 19, 2016, Plaintiff appeared before the ALJ William M. Weir, who issued a written decision on April 27, 2017 denying Plaintiff's application. (Tr. 10-23). On November 15, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

As part of the decision the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since July 8, 2014, the application date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has degenerative disc disease, obesity, major depressive disorder, and an alcohol abuse disorder, each of which constitutes a severe impairment (20 CFR 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b) except she is precluded from complex work (defined as involving multiple simultaneous goals or objectives, or involving independent setting of quantity, quality or method of production) and is limited to work with incidental contact with the public and with occasional contact with coworkers and supervisors.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on May 21, 1977 and was 37 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 8, 2014, the date the application was filed., through the date of this decision (20 CFR 416.920(g)).

(Tr. 10-28).

On appeal, Plaintiff submits two assertions of error: (1) the ALJ insufficiently evaluated the Plaintiff's migraines; and (2) the ALJ erred by failing to give controlling weight to the opinion of Dr. Dao. DE 12 at 12, 15. Plaintiff therefore requests that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 17.

## II. ANALYSIS

### A. Standard of Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations

3

omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then she is not disabled. *Id.* If she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

### B. The Commissioner's Decision

The ALJ resolved the current Plaintiff's claim at step five of the five-step process. Although Plaintiff was found to have met the first two steps, the ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and was therefore not presumptively disabled. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform work at light exertional levels with express limitations to account for her severe impairments, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform despite such limitations. (Tr. 10-23).

### C. Assertions of Error

#### 1. The ALJ Insufficiently Evaluated Plaintiff's Migraines

The ALJ found the claimant had the severe impairments of degenerative disc disease, obesity, major depressive disorder, and an alcohol abuse disorder. (Tr. 12). Plaintiff argues it was an error for the ALJ to not find the claimant's migraines severe at step two of the sequential evaluation and that the ALJ did not incorporate limitations stemming from her headaches into the RFC finding.

At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits her physical or mental ability to do basic

work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c). Although the Second Circuit has held that this step is limited to "screen[ing] out *de minimis* claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013). Further, the plaintiff bears the burden of presenting evidence establishing severity. Taylor v. Astrue, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing Miller v. Comm'r of Social Sec., No. 05-CV-1371, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008); see also 20 C.F.R. §§ 404.1512(a), 416.912(a).

In the instant case, Plaintiff acknowledges the claimant's burden but then alleges it is an ALJ's obligation to develop the record. (DE 12, p. 12). First, the ALJ properly developed the record. The ALJ granted several requests for extensions to submit additional medical evidence after the hearing, but none was received. (Tr. 10). *Brown v. Colvin,* No. 3:14-cv-1784(WIG), 2016 U.S. Dist. LEXIS 66527, at *7 (D. Conn. ·May 20, 2016 ) ("When an ALJ holds open the record . . ., the ALJ will be found to have fulfilled her duty to develop the record."); *Eusepi v. Colvin,* 595 F. App'x 7 (2d Cir. Dec. 1, 2014) (There were no "obvious gaps" in the administrative record; Plaintiff was represented by counsel; and the ALJ was not required to affirmatively seek out additional evidence); *Jordan v. Comm'r of Soc. Sec.*, 142 F.App'x 542, 543 (2d Cir. Sept. 8, 2005) (Although an ALJ did not contact a medical source for updated records, the Second Circuit has found no error or failure to develop the record where claimant's counsel volunteered to obtain the records, the ALJ kept the record open to allow supplementation of the record, counsel subsequently stated that there was nothing further to add, and claimant did not request the ALJ's assistance in securing additional evidence). Plaintiff never asked for any assistance obtaining additional records,

6

nor did she notify the ALJ or Appeals Council of outstanding records. The additional records that were submitted to the Appeals Council did not address the claimant's headaches. (Tr. 108-111).

Second, the Plaintiff has not met her burden of presenting evidence that the impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 142, n.5 (1987), *see Woodmancy v. Colvin*, 577 F. App'x 72,74 (2d Cir. 2014)(citing *Green-Younger v. Comm'r*, 335 F.3d 99, 106 (2d Cir. 2003)). The ALJ properly evaluated the claimant's limitations from her headaches. The ALJ acknowledged Plaintiff's complaint of migraine headaches 14-20 times per month, that would last one to two days. (Tr. 16). However, he concluded that the statements concerning intensity, persistence and limiting effects were not entirely consistent with the medical evidence, which is supported by substantial evidence. The ALJ's decision cites a March 2016 treatment note of headaches well controlled on medication and also states there are treatment records that make "passing reference to headaches/migraines". (Tr. 18.). Plaintiff's brief cites the four times treatment was provided for headaches; once in 2013, once in 2015, and twice in 2016. (DE 12, at 13-14). None of these records mention frequency or severity. An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Barringer v. Comm'r of Social Sec.,* 358 F.Supp.2d 67, 78-79 (N.D.N.Y. 2005). Plaintiff's treating physician did not mention the claimant's headaches or possible limitations when issuing an opinion. (Tr. 532). Plaintiff did not allege headaches were disabling at the consultative examination, and there were no work-related functions limited due to headaches in that opinion. (Tr. 609). The ALJ's conclusion that "the record does not reveal as much treatment for migraines as would be expected given the claimant's testimony" was proper because he had considered the evidence presented by the Plaintiff and it was inconsistent with the subjective complaints. The ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light

of the other evidence in the record." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (quoting Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)).

Lastly, the ALJ did find the claimant had other severe impairments at step two and continued through the sequential evaluation. Therefore, even if Plaintiff's headaches were a severe impairment, the ALJ's finding at step two would be harmless error. *Woodmancy*, 577 F. App'x at 74, n.1; *see Reices-Colon v. Astru*, 523 F. App'x, 796, 798 (2d Cir. 2013)(summary order); *Stanton v. Astru*, 370 Fed. App'x 231, 233 n.1 (2d Cir. 2010); *Bender v. Astru*, No. 09-CV-880 (TJM/VEB), 2010 WL 5175023, at *4 (N.D.N.Y. Nov. 29, 2010).

### 2. The ALJ Erred by Failing to Give Controlling Weight to the Opinion of Dr. Dao

In October 2016, Dr. Dao opined the Plaintiff did not have any emotional factors that contributed to the severity of her symptoms but found "her pain/other symptoms would occasionally be severe enough to interfere with attention/concentration needed to perform even simple work tasks". (Tr. 21). The ALJ gave the opinion partial weight. Plaintiff argues the opinion of Dr. Dao should have been given controlling weight, thereby arguing that the RFC determination was the product of legal error and not supported by substantial evidence.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). However, "[w]hen other substantial evidence in the record conflicts with the treating physician's [it] will not be deemed controlling. And the less consistent that opinion is with the record as a whole, the less weight it will be given." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(d)(4)).

8

When a treating physician's opinion is not given controlling weight, the ALJ must explain his or her decision not to do so, in light of the following factors: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). If the ALJ fails to provide sufficient reasons for not crediting the treating physician's opinions, remand may be warranted.[2]

As permitted, the ALJ gave Dr. Dao's opinion partial weight, explained why, then used substantial evidence to formulate the RFC (Tr. 21). *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (an ALJ has discretion to accept or reject various portions of a treating physician's opinion, based upon substantial evidence in the record). The ALJ did not adopt the opinion that Plaintiff was precluded from doing simple work due to concentrating difficulties, but rather that she was unable to do complex work. (Tr. 21). The ALJ found there was other evidence that did not support that portion of the opinion, therefore basing the RFC on substantial evidence beyond just that opinion. *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (noting also that the ALJ's conclusions do not need to "perfectly correspond" with any of the opinions from medical sources in order to be supported by substantial evidence) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)); *see also Dirisio v. Comm'r of Soc. Sec.*, No. 5:15-CV-1181, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) ("In formulating the RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta*, 508 Fed.Appx. at 56)

---

[2]. A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017). For the purposes of this appeal, however, the prior version of the regulation applies.

A review of the evidence shows the RFC is supported by substantial evidence and the ALJ properly weighed Dr. Dao's opinion. The ALJ noted specifically that Plaintiff's concentration was evaluated during multiple mental status findings, showing intact memory, attention and concentration, which does not support Dr. Dao's opinion. (Tr. 21). The ALJ also referenced the lapse of over two years between the last treatment note by Dr. Dao and the date of the opinion. (Tr. 21).

More generally, Plaintiff's treatment notes were relied upon by the ALJ in support of the RFC, and evaluation of the opinion. *Monroe v. Comm'r of Soc. Sec*, 676 Fed. App'x 5, 9 (2d Cir. 2017) (the court noted that treatment notes supported the RFC assessment and rejected the argument that the ALJ was required to seek a medical opinion regarding the RFC). The treatment notes that pertained to Plaintiff's physical impairments do not corroborate Plaintiff's allegation of pain so severe that it affected her ability to concentrate sufficiently for even simple work. The ALJ acknowledged that Plaintiff's practitioners found that she had some positive physical findings, such as reduced range of motion of the spine, tenderness and, on occasion, positive straight leg raising (Tr. 17-18). However, notes repeatedly show Plaintiff was in no acute distress, had normal sensation, and equal deep tendon reflexes. (Tr. 614, 617-18, 620, 626, 632, 635; *see* Tr. 18). Treating sources Nurse Mason and Nurse Tobias also repeatedly told Plaintiff to exercise. (Tr. 526, 615, 618, 621, 624, 630, 846). Courts have found that a recommendation that a claimant exercise supports a finding that the claimant could do light work. *See Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008) (the ALJ properly considered treating physician's indication that the claimant should continue an active exercise regimen in support of a findings of light work); *Batease v. Berryhill*, 2017 WL 1102659 at *7 (D. Vt. Mar. 24, 2017) (RFC

finding for light work was supported in part by an examiner's recommendation that the claimant should engage in an aerobic exercise program).

Despite allegations of severe pain, none of the treating sources observed her to be in acute distress, and only mild findings upon exam. Treatment notes of Nurse Tobias revealed that Plaintiff was comfortable, that she reportedly felt well, and that her gait and mobility were normal. (Tr. 526, 845-46). Nurse Mason's treatment notes also revealed that plaintiff reported an improvement in her quality of life and activities of daily living with her current regimen, and that she had maintained her functional ability. (Tr. 18; *see* Tr. 619, 622, 625, 629). Dr. Arora, plaintiff's pain management specialist, found that plaintiff's sensation was intact, her motor strength was normal, straight-leg raising was negative and, importantly, she was in no acute distress (Tr. 647, 650, 655, 659, 672; *see* Tr. 18).

The CE, Dr. Liu, had findings similar to the treating sources. Upon examination, Plaintiff was in no acute distress, had a normal gait and stance, equal reflexes, and full motor strength. (Tr. 530-531). Dr. Liu opined that plaintiff had only mild-to-moderate limitations limitation for prolonged walking, bending, and kneeling (Tr. 21; *see* Tr. 532). Courts in the Second Circuit have found that opinions, like those of Dr. Liu, are consistent with light work. *Lewis v. Colvin*, 548 F. App'x 675, 677-78 (2d Cir. 2013) (The court agreed that the RFC assessment for a significant range of light work was supported by an assessment from a consultative examiner of "mild limitations for prolonged sitting, standing, and walking," and direction that Lewis should avoid "heavy lifting, and carrying"); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where CE opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance,

11

pushing, pulling, or heavy lifting."); *see Harrington v. Colvin*, 2015 WL 790756 at 15 (W.D.N.Y. Feb. 25, 2015) (moderate limitation in sitting, standing, and walking not inconsistent with RFC that claimant could sit, stand, and walk for six hours a day respectively and supports a finding of light or medium work).

As permitted, Plaintiff's activities of daily living were cited by the ALJ as consistent with the ability to do light work and simple tasks. As the ALJ discussed, Plaintiff reported that she cooked simple meals, cleaned, and did laundry (Tr. 16; see Tr. 368, 370). She took care of her pets, including walking them (Tr. 368). She shopped (Tr. 16; see Tr. 185, 371). She attended school on a part-time basis, for a portion of the relevant period (Tr. 372). She reported that she drove, about twice per week, to attend medical appointments and to shop (Tr. 184). As the ALJ discussed, Plaintiff told Nurse Tobias that she was walking one hour at a time, twice per week, for exercise. (Tr. 18; *see* Tr. 846). Such activities have been found by the Second Circuit to be consistent with light work. *See Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (the ALJ properly considered the claimant's reported daily activities, such as walking her dog and cleaning her house, in support of an RFC finding for light work).

Although submitted only to the AC, the December 2016 Functional Capacity Evaluation by Ms. Stom, also corroborates the ALJ's RFC finding because it concluded Plaintiff retained full capacity for light work. (Tr. 111).

In sum, the mere fact that the ALJ found some portions of the opinion to be consistent with the evidence as a whole while others were not is not a legal error, but rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts. The ALJ was entitled to weight all the evidence available to make an RFC finding that was consistent with the record as a whole. It is found that there was substantial evidence to support the ALJ's decision. *Bonet ex*

*rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

The argument that the ALJ had a duty to recontact Dr. Dao to "seek clarification" is without merit. (DE. 12). Effective March 26, 2012, the Commissioner amended 20 C.F.R. §§ 404.1512 (e)(1) and 416.912(e)(1) to remove former paragraph (e), together with the duty that it imposed on the ALJ to re-contact the treating physician under certain circumstances. *Lowry v. Astrue*, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (citing How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10,651, 10,656 (Feb. 23, 2012) (to be codified at 20 C.F.R. § 416.912) (deleting former paragraph (e) and redesignating former paragraph (f) as paragraph (e)). The court applies the section in effect when the ALJ adjudicated Plaintiff's claim. *Id.* The ALJ's decision in this case is dated April 27, 2017, thus, the new section applies.

The duty to recontact arises only if the ALJ lacks sufficient evidence in the record to evaluate the doctor's findings, not when the treating physician's opinion is inconsistent with her own prior opinions and the rest of the record. *See Guillen v. Berryhill*, 697 F. App'x 107, 108 (2d Cir. 2017)(summary order)(citing *Rosa*, 168 F.3d at 79 n.5)); *see also Rebull v. Massanari*, 240 F. Supp. 2d 265, 272 (S.D.N.Y. 2002). While Plaintiff may dispute the lack of weight the ALJ assigned to a doctor's opinion under 20 C.F.R. § 404.1527, this does not activate the duty to re-contact under 20 C.F.R. § 404.1512(e). *Hall v. Astrue*, 677 F. Supp. 2d 617, 628 (W.D.N.Y. 2009); *see Netter v. Astrue,* 272 Fed.Appx. 54, 56 (2d Cir.2008) (Summary Order) ("Netter's final claim is that the ALJ was obliged to affirmatively develop the record because it found Dr. Regalla's clinical records to be lacking. However, the ALJ rejected Dr. Regalla's opinion because it was contradicted by the opinions of other doctors and the record evidence-not because it was

inadequately supported by her own clinical records."); *Barney v. Astrue,* 2008 WL 4384456, *5 (W.D.N.Y.2008) ("Here, the ALJ did not find any inadequacy or ambiguity in the medical evidence that prevented him from making a disability determination. Rather, he found that the medical evidence did not support a finding that Plaintiff was disabled under the Act. Consequently, the ALJ was under no obligation to recontact Plaintiff's treating physicians").

## III. CONCLUSION

For the above stated reasons, it is ordered that Plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the ALJ's decision is AFFIRMED.

Dated: July 11, 2019
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge